UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:10 CR 293 RWS |
| | ) |
| QUENTIN LATREL HALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This case is before me on Defendant Quentin Latrel Hall's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. [90] and ECF No. [94]. Hall seeks release due to compelling and extraordinary circumstances, citing the spread of COVID-19 in prison facilities and a personal history of asthma. Based on a thorough review of the record, I will deny Defendant's motion.

On May 13, 2011, I sentenced the Hall to 90 months imprisonment to be followed by a three-year term of supervised release. The defendant is presently serving his sentence at Greenville FCI in Illinois. Hall is currently scheduled for release to a residential re-entry center on December 9, 2020 for the last six months of his term of imprisonment.

## Exhaustion of Remedies

As a threshold matter, Defendant must satisfy the requirement under 18 U.S.C. § 3582(c)(1)(A) to first exhaust his administrative remedies. Although Hall filed a request with the warden at Greenville FCI, where he is currently incarcerated, he did not give the warden the requisite thirty days to consider his request before filing this motion. See U.S. v. Raia, 954 F.3d 594 (3rd Cir. 2020). Therefore, Hall's motion must be denied.

## Extraordinary and Compelling Reasons

Even if Hall had waited the requisite thirty days, he would not be entitled to compassionate release. When "extraordinary and compelling reasons warrant" a sentence reduction, the First Step Act of 2018 grants me authority under certain circumstances to reduce a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The challenges posed by COVID-19 present extraordinary and compelling circumstances for some incarcerated people, especially those with certain underlying health conditions. In some of those cases, a sentence reduction may be warranted. See, e.g., United States v. Gene Leonard Smith, No. CR07-3038-LTS, 2020 WL 2844222 (N.D. Iowa June 1, 2020) (Strand, J.) (collecting cases and finding, "since the beginning of the COVID-19 pandemic, numerous courts have held that a defendant's health conditions and the presence COVID-19 within BOP

facilities constitute extraordinary and compelling reasons for compassionate release"). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) requires more than just extraordinary and compelling circumstances.

It is Defendant's burden to show he is entitled to early release under section 3582(c)(1)(A). See White v. United States, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019) (citing United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016)). "In determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a)." United States v. Gileno, 2020 WL 1307108, at *1 (D. Conn. Mar. 19, 2020); see also 18 U.S.C. § 3582(c)(1)(A) (directing courts to consider these factors for every request for early release). Additionally, "a reduction in sentence under [the First Step Act] requires a determination that '[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" United States v. Bradley, 2020 WL 3036362, at *1 (D.S.D. June 5, 2020) (citing U.S.S.G. § 1B1.13). A defendant's failure to show that both section 3142(g) and section 3553(a) favor a reduced sentence is fatal to such a request. See United States v. Brummett, 2020 WL 1492763, at *3–4 (E.D. Ky. Mar. 27, 2020) (concluding that the danger defendant posed to the community and the section 3553(a) factors each provided an independent basis for denying a request for compassionate release).

Hall's circumstances do not clear the high bar necessary to warrant a sentence reduction. Hall not only fails to establish that extraordinary and compelling circumstance exist, he also fails to show that he no longer poses a danger to the community or that the factors in section 3553(a) favor a reduced sentence.  Hall does not provide any medical records to support his asthma diagnosis. Aside from a comment made by his girlfriend and documented in the presentence report, Hall does not point to any evidence of a past or continuing asthma diagnosis, nor does he indicate the severity of his illness. Additionally, Hall does not address the section 3553(a) factors or section 3142(g). Therefore, his motion for compassionate release must be denied.

## Recommendation to Bureau of prisons

In the alternative, Defendant requested I recommend to the Bureau of Prisons that he be considered for placement on home confinement. As the  U.S. Attorney's office correctly notes, I do not have jurisdiction to select the place where a sentence will be served. That authority resides in the executive branch and is delegated to the Bureau of Prisons. See 18 USC §3621. But I do have the discretion to make a recommendation to the Bureau of Prisons as to Hall's placement.  See 18 USC §3621(b). However, for the reasons discussed above, I am not inclined to make such recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release, ECF NO. [90] and ECF NO. [94], is **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of June 2020.